UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **RENSO ANTONIO LINO-RAMOS,**<br><br>Petitioner,<br><br>v.<br><br>**ANTONE MONIZ,**<br><br>Respondent. | Civil Action No.<br>25-10470-BEM |

**MEMORANDUM AND ORDER ON**
**<u>PETITION FOR WRIT OF HABEAS CORPUS</u>**

**MURPHY, J.**

Petitioner Renso Antonio Lino-Ramos has been detained by Immigration and Customs Enforcement at the Plymouth County Correctional Facility since May 29, 2024. He has brought a petition for a writ of habeas corpus against respondent Antone Moniz[1] pursuant to 28 U.S.C. § 2241, asserting three causes of action: *first*, that respondent has violated petitioner's procedural due process rights by subjecting him to prolonged detention without a bond hearing before a neutral decision-maker; *second*, that respondent has violated petitioner's substantive due process rights by subjecting him to prolonged incarceration; and *third*, that petitioner is improperly classified under 8 U.S.C. § 1226(c), rather than under 8 U.S.C. § 1226(a), and that he therefore is entitled to a bond hearing on statutory grounds. As requested by petitioner, the Court addresses only the first claim at this time, *i.e.*, that procedural due process requires that petitioner

---

[1] Certain other respondents named in the petition have since been dismissed from the action without prejudice, leaving Antone Moniz, the current superintendent of the Plymouth County Correctional Facility, as the sole respondent. (Dkt. 12.)

receive a bond hearing. (*See* Dkt. 1-3 at 3 n.1; Dkt. 24 at 2–3.) For the reasons set forth below, the petition will be denied without prejudice to its renewal in the future.

At the outset, the Court agrees that "the *Reid* factors provide a reasonable framework to assess whether continued detention under 1226(c) is reasonable." *Alphonse v. Moniz*, 635 F. Supp. 3d 28, 35 (D. Mass. 2022) (citing *Reid v. Donelan*, 390 F. Supp. 3d 201 (D. Mass. 2019), *aff'd in part, vacated in part, remanded*, 17 F.4th 1 (1st Cir. 2021)). "The most important factor in determining whether an alien's mandatory detention without a bond hearing is unreasonable is the total length of the detention." *Id.* at 35–36. "Although a one-year period of detention is not a 'bright line,' detention is 'likely to be unreasonable if it lasts for more than one year during removal proceedings before the agency, excluding any delays due to the alien's dilatory tactics.'" *Id.* at 36 (quoting *Reid*, 390 F. Supp. 3d at 219–20). "Mandatory detention of less than one year without a bond hearing may be unreasonable 'if the Government unreasonably delays or the case languishes on a docket.'" *Espinal Alvarado v. Moniz*, 2020 WL 1953610, at *2 (D. Mass. Apr. 23, 2020) (quoting *Reid*, 390 F. Supp. 3d at 220).

As of the date of this opinion, petitioner has been detained for approximately nine and a half months. "Although he has not engaged in dilatory tactics, his detention falls below the one-year mark and is not yet presumptively unreasonable," *see Lewis v. Souza*, 2020 WL 2543156, at *3 (D. Mass. May 19, 2020), and the Court concludes, for the reasons set forth by the government, that the government has not unreasonably delayed in this case. The Court has also considered the other *Reid* factors and finds that, taken together, the *Reid* factors do not weigh in favor of a finding of unreasonableness at this time.[2]

---

[2] In reaching that conclusion, the Court notes that it does not place great weight on the third *Reid* factor—the period of the detention compared to the criminal sentence. As petitioner observed in his briefing, the government recently agreed, in a case before the First Circuit, "that the length of a noncitizen's criminal sentence is

For the foregoing reasons, petitioner's writ of habeas corpus (Dkt. 1) is DENIED without prejudice to its renewal in the future.  The motion for order to show cause (Dkt. 2) is DENIED as moot.

**So Ordered.**

Dated:  March 14, 2025

/s/ Brian E. Murphy
Brian E. Murphy
Judge, United States District Court

---

not relevant to the constitutionality of his detention under Section 1226(c)," reasoning that "[i]f the noncitizen is removable for a ground that places him within a mandatory-detention category, . . . the length of his criminal sentence has no bearing on whether his continued immigration detention continues to serve the statute's purposes or whether he will ultimately be removed."  Brief for the Respondents-Appellees at 37, *Alvarez Mendoza v. Moniz*, No. 23-1891 (1st Cir. 2024).